11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

In the
Interest of W.J.B., Jr., a child

No. 11-03-00407-CV -- Appeal from Brown County

 

On September 3, 2003, the associate judge of the
35th District Court signed a report recommending the termination of appellant=s parental rights. See TEX. FAM.
CODE ANN. ' 201.011
(Vernon Supp. 2004).  The district court
signed an order adopting the associate judge=s
report on September 5, 2003.  See
TEX. FAM. CODE ANN. '
201.014 (Vernon 2002).  As per TEX. FAM.
CODE ANN. '
201.016(b) (Vernon Supp. 2004), September 5, 2003, is the controlling date with
respect to the applicable appellate deadlines.

The appeal of an order terminating parental rights
is an accelerated appeal. TEX. FAM. CODE ANN. ''
109.002 & 263.405(a) (Vernon 2002). 
In an accelerated appeal, an appellant must file his notice of appeal
within 20 days of the date the order was signed.  TEX.R.APP.P. 26.1(b).  The filing of a motion for new trial, a
request for findings of fact and conclusions of law, or any other post-trial
motion in the trial court does not extend the deadline for filing a notice of
appeal in a parental rights termination case. 
TEX. FAM. CODE ANN. '
263.405(c) (Vernon Supp. 2004). 

Appellant did not file his notice of appeal in
this cause until December 2, 2003.  This
court issued a letter to appellant=s
counsel on January 7, 2004, advising counsel of the court=s concern that the appeal was
untimely.  Counsel responded to the court=s inquiry in a letter dated January 14,
2004.  Counsel=s
letter referenced a hearing conducted by the district court on November 7,
2003.  Among other things, counsel
asserted that the deadline for filing the notice of appeal in this cause did
not begin until after the hearing conducted on November 7, 2003.   This court entered an order on January 30,
2004, directing the district court to conduct a hearing to address the matters
raised in counsel=s letter
with respect to the hearing on November 7, 2003.








The reporter=s
record of the hearing conducted on November 7, 2003, has now been filed in this
case.  At the hearing, the district court
considered appellant=s
attempt to obtain a de novo appeal in the district court of the associate judge=s recommendations.  The district court also considered appellant=s motion for new trial.  With respect to the appeal to the district
court, appellant filed an appeal of the associate judge=s
recommendations on September 9, 2003.[1]  The district court determined at the hearing
conducted on November 7, 2003, that appellant=s
appeal to the district court was not timely filed because it was filed more
than three days after the trial court signed an order approving the associate
judge=s
recommendations.  See TEX. FAM.
CODE ANN. '
201.015(a) (Vernon 2002).  Accordingly,
the district  court denied appellant=s request for a de novo appeal of the
associate judge=s
rulings.  The district  court also denied appellant=s motion for new trial at the November
7, 2003, hearing.

The district court conducted a subsequent hearing
on March 15, 2004, pursuant to this court=s
order of January 30, 2004.  The district
court has filed findings of fact and conclusions of law regarding the matters
determined at the March 15, 2004, hearing. 
With respect to the hearing conducted on November 7, 2003, the district
court determined that appellant=s
request for a de novo appeal and motion for new trial were denied at the
hearing.  The district court also found
that appellant had continuously expressed his desire to appeal the associate
judge=s
recommendations since the date of trial (August 4, 2003) and that all of the
attorneys involved in the proceedings believed that his appellate rights
remained intact at the time of the hearing conducted on November 7, 2003.  The district court further found that none of
the attorneys were aware that an appeal of a parental rights termination
proceeding is an accelerated appeal and that a motion for new trial is
ineffectual to extend the appellate deadline.








The circumstances of this proceeding present a
compelling case for permitting appellant to pursue an out-of-time appeal of the
associate judge=s
recommendations.  We liberally construe
the rules of appellate procedure to protect a party=s
right to appeal.  See Verburgt v. Dorner, 959
S.W.2d 615, 616-17 (Tex.1997).  However,
we may not enlarge the time for perfecting appeals.  TEX.R.APP.P. 2.  A party can seek an extension of time to file
a notice of appeal, but the motion for extension of time cannot be filed more
than 15 days after the deadline for filing the notice of appeal.  TEX.R.APP.P. 26.3.  A[O]nce the period for granting a motion for extension of time
under Rule [26.3] has passed, a party can no longer invoke the appellate court=s jurisdiction.@  Verburgt
v. Dorner, supra at 617 (construing the
predecessor to Rule 26).  Appellant=s notice of appeal was filed well
beyond the 20-day deadline and the further 15-day grace period for seeking an
extension of time for filing a notice of appeal.  See TEX.R.APP.P. 26.3.  We have not found an instance where the Texas
Supreme Court has granted an out-of-time appeal in a parental rights
termination case.  Accordingly, we have
no discretion but to dismiss appellant=s
appeal for lack of jurisdiction.

The appeal is dismissed for lack of jurisdiction.

 

PER CURIAM

 

May 27, 2004

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel
consists of:  Arnot,
C.J., and

Wright,
J., and McCall, J.











[1]A different attorney filed appellant=s appeal of the associate judge=s recommendations than the attorney that represented
him at trial.  Appellant=s trial counsel testified at the November 7, 2003,
hearing that he intended to appeal the associate judge=s recommendations directly to this court rather than
pursuing a de novo appeal in the district court based on his belief that
insufficient evidence was presented to the associate judge to support the
termination of appellant=s parental rights.